IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

$67,000.00 IN UNITED STATES
CURRENCY

*Defendant In Rem.*

NO.

## COMPLAINT FOR FORFEITURE

Plaintiff, the United States of America files this verified complaint *in rem* against

the defendant property, and states:

## JURISDICTION AND VENUE

1.     This court has subject matter jurisdiction of this cause of action *in rem* pursuant to

28 U.S.C. §§ 1345 and 1355(a).  Venue is proper under 28 U.S.C. § 1355(b)(1) and 28

U.S.C. § 1395(b).

2.     The statutory basis for this suit is 18 U.S.C. § 981(a)(1)(A), 18 U.S.C. §

981(a)(1)(C) and 21 U.S.C. § 881(a)(6).  Also applicable are 28 U.S.C. §§ 2461 and

2465, 18 U.S.C. § 983, and 28 U.S.C. Rule G, Supplemental Rules for Admiralty and

Maritime Claims and Asset Forfeiture Actions (Supplemental Rules).

## THE DEFENDANT PROPERTY AND ITS LOCATION

3.     The defendant property is comprised of $67,000.00 in United States Currency

seized on or about February 3, 2021, by the Drug Enforcement Administration.

4.      The defendant property is currently in the custody and management of the United States Marshal's Service in the Northern District of Texas.

## POTENTIAL CLAIMANTS TO THE DEFENDANT PROPERTY

5.      This action *in rem* is filed in the United States District Court, pursuant to the provisions of 18 U.S.C. § 983(a)(3)(A), because a verified claim to the defendant property was submitted to the Drug Enforcement Administration on May 5, 2021, by or on behalf of the following individual(s):

Willando Clark
c/o John Garland
3151 Maple Drive
Atlanta, Georgia 30305

## FACTS AND BASIS FOR FORFEITURE

6.      The defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because the property was involved in, or traceable to property involved in money laundering, or a conspiracy to do so, in violation of 18 U.S.C. § 1956 and/or 18 U.S.C. § 1957.

7.      The defendant property is also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because the property was proceeds traceable to racketeering, in violation of 18 U.S.C. § 1953.

8.      The defendant property is also subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it represents money furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, or money used or intended to be used to facilitate any violation of Title 21.

9.      On February 3, 2021, Willando Clark ("Clark") was traveling one way from

Atlanta, GA to DFW Airport, TX to San Jose, CA on American Airlines.  DEA Dallas

Airport Interdiction Group received credible information regarding suspicious travel by

Clark.

10.     Task Force Officer Michael McBride ("McBride") conducted a criminal history

check on Clark which revealed Clark had been arrested for weapons and narcotics

offenses.

11.     TFO McBride and TFO J. Garcia responded to the airport gate location of Clark's

outbound flight.  TFO K. Thompson located Clark's checked bag as it was unloaded from

the arriving Atlanta flight, and K-9 "Duke", a certified narcotics detention dog, displayed

a positive alter to the presence of a narcotic odor on or about Clark's checked bag.

12.     Task Force Officers then approached Clark, identified themselves with their

badges and identification, and Clark agreed to speak with the officers.  Clark appeared

nervous because his voice was shaky, his hands were shaking, and he would not make

eye contact.

13.     Clark stated that he was going to San Jose for vacation, would be staying a couple

of days, and that he was traveling alone.  He said he would make a lodging reservation

once he arrived in San Jose.

14.     Clark had no carry-on bags, but stated he had one checked bag, and Clark

confirmed that everything in the checked bag belonged to him, and that he had packed his

own bag.  When Clark was asked if he was traveling with large amounts of U.S. or

foreign currency, he stated that he had a little bit of money to purchase a truck.  TFO

McBride asked for consent to search Clark's bag, and Clark gave verbal consent.

15.     A search of Clark's bag revealed two large shrink-wrapped bundles of U.S.

currency concealed among the clothing items.  Inside each bundle were five rubber-

banded bundles of U.S. currency for a total of ten rubber-banded bundles of U.S.

currency.  TFO McBride knows from his experience that narcotics traffickers will often

package their narcotics proceeds in similar food saver bags to avoid law enforcement

detection.

16.     The total U.S. currency was $67,000.00.

17.     Clark responded that he had the currency by saving it or years and that he had

been storing it in his safe located at his home.  When asked why he was carrying this

currency, Clark responded that he was going to purchase multiple semi-trucks in San

Jose.  Clark admitted that he could not show to the officers any vehicles he intended to

purchase.  Clark admitted that he had a business checking account, and he did not answer

why he did not plan to purchase the vehicles with his business checking account.

18.     K9 "Duke" alerted to the presence of an odor of narcotics on or about the U.S.

currency in Clark's bag.

19.     Clark was in possession of two cellular telephones.  When asked whether he had

any photographs or text conversations in his phones related to the purchase or sale of

narcotics, Clark denied.  Clark denied consent to the officers for them to look through the

telephones.

20.     Tarrant County Judge George Gallagher signed a search warrant for the two

telephones.  Pursuant to the warrant, a forensic download was conducted.  Law

enforcement was only able to access data from one of the telephones.

21.     In the cellular telephone with accessible data, there are numerous photographs of

marijuana.  One photograph, dated 1/22/2021, showed a compressed rectangular shaped

brick of marijuana on a digital scale that showed a weight of 15.5 ounces.  TFO McBride

knows from his experience that packages of marijuana arriving from source locations in

California are often vacuum sealed for transportation in this shape and are typically 16

ounces or one pound in weight.

22.     The 1/22/2021 photograph was sent to a contact saved as "White Wayne".  There

are messages between Clark and White Wayne indicating that Clark is supplying White

Wayne with multiple-pound quantities of marijuana.  In a 1/26/2021 transaction, White

Wayne and Clark arrange a transaction where White Wayne stated that he has $5,000 and

Clark responded that we will wait until White Wayne has the complete $8,000.

23.     The cellular telephone also included two photographs for FedEx shipping receipts

for packages shipped from Chico, California to Georgia.  TFO McBride knows from his

experience that marijuana traffickers ship marijuana from source states such as California

back to their resident states to avoid law enforcement detention.

24.     Clark has a criminal history of convictions and/or arrests for obstruction, fleeing

officer, multiple sale of marijuana, carrying pistol without a license, loitering for sex,

possession with intent to distribute, trafficking illegal drugs, home invasion, cruelty to

children, and possession of firearm by felon.

**Complaint for Forfeiture ($67,000 in U.S. Currency) – Page 5**

## RELIEF SOUGHT

Therefore, the United States requests the following:

A. That the Clerk of Court issue a warrant for the arrest of the defendant property, pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

B. That the United States Marshals Service arrest the defendant property, pursuant to the warrant, as provided by Rule G(3)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

C. That the United States publish notice of the complaint for forfeiture on the website www.forfeiture.gov for at least 30 consecutive days, in accordance with Rule G(4)(a)(iv)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

D. That the United States Marshals Service serve notice, pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, on any person reasonably appearing to be a known potential claimant, advising the person of the date of notice; of the deadline for filing a claim; that an answer or motion under Rule l 2(b) must be filed no later than 21 days after the filing of the claim; and of the name of the Assistant United States Attorney to be served with the claim and answer;

E. That the court, after all proceedings are had on this complaint for forfeiture, declare the defendant property forfeited to the United States according to law;

**Complaint for Forfeiture ($67,000 in U.S. Currency) – Page 6**

F.  That the court appropriately tax all costs and expenses incurred by the United

   States in obtaining the forfeiture of the defendant property against any persons or

   entities who filed a verified claim and answer in this case; and

G.  That the court grant the United States any further relief, at law or in equity, to

   which it may show itself justly entitled.

                                    Respectfully submitted,

                                    PRERAK SHAH
                                    ACTING UNITED STATES ATTORNEY


                                    */s/ Dimitri N. Rocha*
                                    Dimitri N. Rocha
                                    Assistant United States Attorney
                                    Florida State Bar No. 693332
                                    1100 Commerce Street, Third Floor
                                    Dallas, Texas  75242-1699
                                    Telephone: 214-659-8650
                                    Facsimile: 214-659-8803
                                    Dimitri.Rocha@usdoj.gov
                                    ATTORNEY FOR PLAINTIFF

## VERIFICATION OF COMPLAINT

I, Michael A. McBride, am a Task Force Officer for the Drug Enforcement

Administration, and I have been assigned to assist in the forfeiture of the defendant

property.  I have read the foregoing Complaint for Forfeiture and know its contents.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the factual

information in the Complaint for Forfeiture is true and correct to the best of my

knowledge.


Executed on:  August __2nd__, 2021

-------------------
Michael A. McBride
Task Force Officer
Drug Enforcement Administration

**Complaint for Forfeiture ($67,000 in U.S. Currency) – Page 8**